(Pleito No. 23.—Fallado el 10 de Febrero de 1900.)

## Banco contra Castro.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Remisión de asuntos.  De acuerdo con la Orden General No. 118 los asuntos remitidos á los Tribunales de Distrito por los Juzgados de 1ª Instancia deberán ser admitidos y continuados sin estimarse la cantidad objeto del litigio.

2.—Recursos.  El Tribunal Supremo declarará procedente el recurso interpuesto contra una sentencia de un Tribunal de Distrito cuando haya habido abuso, exceso ó defecto en el ejercicio de la jurisdicción, aunque dicho asunto sea de la competencia de un Juez Municipal.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez de Febrero de mil novecientos, en el recurso de casación por infracción de ley que ante Nos pende interpuesto por la representación del Banco Español de Puerto Rico, contra auto del Tribunal del Distrito de San Juan en demanda ejecutiva promovida por dicha sociedad contra Don Cruz Castro y Don José de Jesús Pesquera en cobro de pesos, estando representada y defendida la parte recurrente por el Letrado Don Antonio Sarmiento.—Resultando:  Que con fecha veinte y cinco de Abril del año próximo pasado la representación del Banco Español de Puerto Rico promovió diligencias preparatorias de ejecución ante el Juzgado de 1ª Instancia de San Francisco para que Don Cruz Castro, como deudor y Don José de Jesús Pesquera, como fiador solidario, reconocieran la legitimidad de sus firmas en un documento privado ó pagaré librado á favor de aquella sociedad de crédito en siete de Octubre de mil ochocientos noventa y ocho por cantidad de cuatrocientos pesos moneda provincial pagaderos en siete de Enero del año siguiente con el doce por ciento de interés anual desde el vencimiento, y los gastos y costas que se originaran para el cobro; habiendo sido declarados confesos uno y otro en la legitimidad de sus respectivas firmas por autos de dos de Junio último y cinco

de Julio siguiente.—Resultando: Que la misma sociedad
bancaria en quince de Julio citado produjo demanda ejecu-
tiva ante el Juzgado de 1ª Instancia de Catedral para que se
despachara mandamiento de ejecución contra los bienes y
rentas de Don Cruz Castro y Don José de Jesús Pesquera
por la cantidad de cuatrocientos pesos de principal que
representaba el pagaré de referencia y doscientos más por
intereses y costas del juicio; y sin que el asunto hubiera
pasado al repartimiento, según se ordenó en providencia de
la misma fecha, se remitió al Tribunal del Distrito de San
Juan, á virtud de la Orden General número 118 de diez y
seis de Agosto último sobre organización de los Tribunales
de Justicia.—Resultando: Que el Letrado Don Antonio
Sarmiento, en representación de la parte actora, presentó
escrito al referido Tribunal en diez de Octubre último solici-
tando en lo principal se dejara sin efecto la providencia que
mandó pasar los autos al repartimiento y se dictara la reso-
lución que procediera á la demanda producida, y por otrosí
manifestó que con posterioridad á la fecha de la presentación
de dicha demanda había satisfecho Don José de Jesús Pes-
quera la cantidad de doscientos pesos á cuenta de la deuda
por lo que debía entenderse modificada la solicitud principal
de la demanda; á cuyo escrito recayó auto en diez y seis
de Noviembre declarando no haber lugar á admitir la
demanda, sin especial condenación de costas y ordenando á
la parte ocurra á donde corresponda por el fundamento de
que la cantidad líquida reclamada sólo asciende á doscientos
pesos sin tener en cuenta los intereses que no aparecen liqui-
dados, y para el despacho de ejecución es preciso entre otras
condiciones que la cantidad reclamada sea líquida y superior
á mil pesetas.—Resultando: Que contra ese auto utilizó la
parte recurso de súplica, alegando cuanto estimó conducente
á que se proveyera, según había solicitado en su demanda
de quince de Junio, modificada por el escrito de diez
de Octubre, y entonces el Tribunal del Distrito, invocando
las disposiciones de la Orden General número 118 que ex-

tiende la competencia de los Juzgados Municipales al cono-
cimiento de los juicios civiles cuya cuantía no exceda de
cuatrocientos dollars ó sean seiscientos sesenta y seis pesos
sesenta y seis centavos, equivalentes á tres mil trescientas
treinta y tres pesetas treinta céntimos moneda provincial,
dictó auto en veinte y siete de Noviembre reformando
el interpelado en lo que no estuviera conforme y confirmán-
dolo en lo que estuviera respecto de la incompetencia de
dicho Tribunal para conocer de la demanda.—Resultando :
Que contra el mencionado auto de veinte y nueve de
Noviembre ha interpuesto el Banco Español de Puerto Rico
recurso de casación por infracción de ley, autorizado en
los casos 1º, 6º y 7º del artículo 1,690 de la Ley de Enjuicia-
miento Civil y 70 de la Orden General número 118, por
conceptuar infringidos:—1º Los artículos 1,218 y 1,225 del
Código Civil, el número 7º del artículo 595 de la Ley
de Enjuiciamiento Civil, porque considerar el escrito de diez
de Octubre como documento público ó privado no es re-
producción de la demanda.—2º El número 1º del ar-
tículo 58 y el 1,433 de la Ley de Enjuiciamiento Civil, por
haber desconocido el sometimiento á la jurisdicción del Juz-
gado de 1ª Instancia de San Francisco, infringiéndose también
los 183 y 186 de la Compilación orgánica para la admi-
nistración de Justicia.—3º El 3º del Código Civil y los
1º, 14, 15 y 69 de la Orden General número 118, porque
dando á las Cortes de Distrito las atribuciones de los Jueces
de 1ª Instancia, y habiéndosele remitido por el de San Fran-
cisco para su continuación, transfiriendo la competencia para
conocer, no conoce.—Resultando:   Que tramitado el recurso
y celebrada la vista el recurrente sostuvo sus pretensiones.—
Visto, siendo Ponente el Juez Asociado suplente Don Juan
Hernández López.—1º Considerando : Que la cuestión plan-
teada por el recurso es de competencia y se reduce á de-
terminar si de la demanda establecida por el Banco Español
de Puerto Rico contra Don Cruz Castro y Don José de Jesús
Pesquera en cobro de pesos, debe conocer la Corte de

Distrito de San Juan, conforme á los preceptos de la Orden General número 118.—2º Considerando: Que si bien con arreglo al artículo 15 de la misma, contra el fallo que pronuncien los Tribunales de Distrito en los asuntos civiles que se encontrasen pendientes en los suprimidos Juzgados de 1ª Instancia á la publicación de dicha Orden General y que debían ser resueltos por los expresados Tribunales, no se da otro recurso que el de casación conforme á las disposiciones de la misma Orden; y que según éstas, que son las que contiene el artículo 68 de la expresada Orden General, el recurso de casación por infracción de ley procede en todos los asuntos civiles, con la sola excepción de los juicios de que conocieren los Jueces Municipales, que son aquéllos cuyo interés no excede de cuatrocientos dollars, no puede estimarse comprendido en este caso de excepción el presente recurso en el que no se trata de ningún juicio de que conociera un Juez Municipal, y en el que la cuestión que se ventila tiene precisamente por objeto fijar la competencia del Juez que deba conocer del asunto, y por consiguiente de una cuestión de orden público, de valor inestimable que no puede confundirse con la cuestión de interés privado, cuyo valor se gradúa por la mayor ó menor cuantía de la demanda.—3º Considerando: Que procede el recurso de casacion por infración de ley comprendido en el caso 6º del artículo 1,690 de la Ley de Enjuiciamiento Civil, cuando el abuso, exceso ó defecto en el ejercicio de la jurisdiccion se refiere á casos en que deban ó no conocer los Juzgados Municipales en relación y competencia con los Tribunales Superiores, según jurisprudencia sentada por el Tribunal Supremo de la extinguida metrópoli. 4º Considerando: Que con arreglo á la Ley de Enjuiciamiento Civil, el Banco Español de Puerto Rico preparó acción ejecutiva contra los deudores Castro y Pesquera ante el Juzgado de 1ª Instancia, estableciendo luego por consecuencia la correspondiente demanda en juicio ejecutivo. 5º Considerando: Que las Cortes de Distrito vinieron á

sustituir la jurisdicción de los Juzgados de Instrucción y de 1ª Instancia, conforme al párrafo 14 de la Orden General número 118, y que según ese precepto y el del párrafo 15 de la misma Orden, los negocios civiles entregados por los Juzgados de 1ª Inslancia á las Cortes de Distrito, deben ser continuados por éstos hasta el momento de ser recibidos á prueba y una vez llegados á este trámite se continuarán por las reglas del juicio oral civil. 6º Considerando: Que al dictar su resolución el Tribunal de Distrito, previniendo al Banco Español que establezca su demanda ante el Juez Municipal, infringió los párrafos 14 y 15 de la Orden General número 118, puesto que incurre en defecto de jurisdicción al dejar continuar conociendo en un procedimiento que estaba pendiente ante el Juzgado de 1ª Instancia al tiempo de publicarse dicha Orden General, estando por consiguiente comprendido el caso en los números 1º y 6º del artículo 1,690 de la Ley de Enjuiciamiento Civil, que se citan entre otros como fundamentos del recurso.—Fallamos: Que debemos declarar y declaramos con lugar el recurso de casación por infracción de ley interpuesto por el Banco Español de Puerto Rico contra el auto de veinte y siete de Noviembre último del Tribunal de Distrito de San Juan, y en su consecuencia lo casamos y anulamos sin especial condenación de costas; y devuélvanse los autos originales con certificación de esta sentencia al expresado Tribunal del Distrito al que declaramos competente para conocer de la demanda establecida por el Banco Español contra Don José de Jesús Pesquera y Don Cruz Castro, para que provea á ella lo que proceda con arreglo á derecho.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Juan Hernández López.

Publicación.—Leída y publicada fué la anterior sentencia y voto particular por el Sr. Juez Asociado suplente del

Tribunal Supremo Don Juan Hernández López, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez de Febrero de mil novecientos.—E. de J. López Gaztambide.